Filed 12/10/13  Marriage of Kokoszka CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re the Marriage of LINDA M. and JOHN A. KOKOSZKA. | |
| LINDA M. KOKOSZKA, | E056727 |
| Appellant, | (Super.Ct.No. FAMVS1001315) |
| v. | OPINION |
| JOHN A. KOKOSZKA, | |
| Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Reversed with directions.

Law Office of Valerie Ross and Valerie Ross for Appellant.

No appearance for Respondent.

I

INTRODUCTION

This is an appeal of a denial of a request for need-based attorney's fees in a marital

1

dissolution action. (Code Civ. Proc., § 904.1, subd. (a)(10); *In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1311.) The standard of review is abuse of discretion. (*In re Marriage of Sullivan* (1984) 37 Cal.3d 762, 768-769; *In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1166.)

The sole issue on appeal is whether the record establishes that the trial court actually exercised its discretion and considered the statutory factors in denying the request for attorney's fees of appellant Linda M. Kokoszka (Linda). Our review of the record finds no actual exercise of discretion by the family court. We reverse and remand to allow the family court to exercise its discretion according to statute.

II

STATEMENT OF THE CASE

Linda filed a petition for dissolution in May 2010. Respondent John A. Kokoszka (John) filed his response in July 2010. The parties have one minor child born in 2009. Various proceedings occurred in 2010 and 2011.

On November 23, 2011, Linda filed an income and expense declaration. On February 3, 2012, Linda filed an order to show cause seeking attorney's fees and costs, spousal support, child support, arrears, and an ex parte request for an order shortening time. Linda's income and expense declaration showed a monthly income of $3,742.12 and an average monthly income of $3,700.

On March 12, 2012, John filed his responsive declaration, including his income and expense declaration. John opposed the motion on the grounds that Linda was not

2

entitled to spousal support for a brief marriage or to retroactive child support. John's declaration showed a monthly income of $5,384 salary plus $1,200 in commissions or bonuses—a total of $6,584—and an average monthly income of $5,384 salary, plus an additional $3,931 in commissions or bonuses—a total of $9,315.

Linda had paid her attorney $2,200 for fees and costs and owed $1,299.45. The attorney's hourly rate is $300. In contrast, John had paid $3,900 in fees and costs and he still owed $3,344.25.

The provisions of Family Code sections 2030, 2032, and 7605[1] provide for an interim award of attorney's fees based on need. The court denied Linda's request for spousal and child support and for an award of attorney's fees. In its ruling, the family court made no mention of the respective incomes of the parties. Instead, the court seemed to anticipate offsetting any fee award with sanctions by stating, "And my reluctance to award attorney fees early on in this case is if there's a need for sanctions and I provide sanctions then I could order sanctions against a petitioner, and respondent is paying for the sanctions if the attorney has to, if he has to pay attorney fees."

III

DISCUSSION

The family court has broad discretion in ruling on a motion for attorney's fees and costs in marital proceedings. The court's determination will not be disturbed on appeal absent a clear showing of abuse of discretion – i.e., that no judge could reasonably have

---

[1] All further statutory references are to the Family Code.

made the order considering all of the evidence viewed most favorably in support of the order. (*In re Marriage of Sullivan, supra,* 37 Cal.3d at pp. 768-769.)

Section 2030 provides that a court may order one party to pay the attorney's fees and costs incurred by the other party in order to assure that each party has access to legal representation: "(a)(1) In a proceeding for dissolution of marriage, nullity of marriage, or legal separation of the parties, and in any proceeding subsequent to entry of judgment, the court shall ensure that each party has access to legal representation, including access early in the proceedings, to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party . . . to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding." The making of the award and the amount of the award must be "just and reasonable under the relative circumstances of the respective parties." (§ 2032, subd. (a).)

The record must establish that the family court actually exercised its discretion and considered these statutory factors in exercising its discretion. (*In re Marriage of Braud* (1996) 45 Cal.App.4th 797, 827; *In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 315.) It is an abuse of discretion, if the trial court, in issuing its ruling failed to make a needs-based analysis. (*In re Marriage of Tharp, supra,* 188 Cal.App.4th at pp. 1312 and 1314.)

4

Here the family court did not make a needs-based analysis. Even if Linda lost her motion on the merits, John's income was nearly triple that of Linda's income. The record does not establish that the statutory factors were considered by the court in denying Linda's request for need-based fees and costs. The family court failed to perform its official duty and review the relevant evidence. (*In re Marriage of Tharp, supra,* 188 Cal.App.4th at p. 1314, citing *Fletcher v. Superior Court* (2002) 100 Cal.App.4th 386, 392.)

IV

DISPOSITION

In such a case, where the family court has failed to exercise its discretion, we reverse and remand to the court for a determination of attorney's fees based on statutory factors.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

HOLLENHORST
Acting P. J.

MILLER
J.

5